FILED
2017 Mar-13  AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | |
|---|---|
| DARRELL WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. ) ) |
| THE CITY OF JASPER, ALABAMA, | ) ) |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from religious discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Darrell Wright ("Plaintiff") timely filed his charge of discrimination against Defendant the City of Jasper, Alabama ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of his right-to-sue letter.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Rincon, Effingham County, Georgia.

4. Defendant is a municipal corporation and an employer as that term is contemplated under Title VII.

## III. FACTS

5. In or about August of 2015, Plaintiff applied with the Jasper Civil Service Board for the position of police officer for Defendant.

6. In or about September of 2015, Plaintiff took the civil service and physical training tests and passed both.

7. The Board then did a background check on Plaintiff, which was clear.

8. In or about early November of 2015, Plaintiff interviewed with the Board.

9. Upon information and belief, the Board thensubmitted nine applicants to Defendant's Police Department, including Plaintiff.

10. On or about November 16, 2015, Plaintiff interviewed with Defendant's Police Department.

11. Those interviewing him were Chief J.C. Poe, Assistant Chief Paul Tucker, Lieutenant David Mize, and another person Plaintiff did not know.

12. In the interview, Chief Poe asked Plaintiff where he went to church.

13. Plaintiff told Chief Poe that he did not then attend church.

14. That was the last question Chief Poe asked Plaintiff.

15. Plaintiff subsequently called the Civil Service Board and asked where he had been ranked on the list of candidates submitted to Defendant's Police Department.

16. Plaintiff was told that he was number one.

17. Plaintiff did not hear back from the Police Department, so in the first or second week of December of 2015, he called and spoke to Assistant Chief Tucker.

18. Plaintiff identified himself and told Assistant Chief Tucker that he was calling to see if he had been selected.

19. Assistant Chief Tucker told Plaintiff no.

20. Plaintiff asked the Assistant Chief why, and he replied that it was because Plaintiff was not "competitive" enough.

21. This was false and pretextual.

22. Defendant hired six of those who were interviewed for the police officer position.

23. Plaintiff was equally or more qualified than those chosen for hire.

24. Upon information and belief, Chief Poe asked all those interviewed about their attendance at church.

25. At least four of the six hired provided positive responses.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

26. Paragraphs 1-25 above are incorporated by reference.

27. Defendant violated Plaintiff's rights under Title VII by refusing to hire him because of his religion and/or religious practices.

28. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by hiring him and placing him in the position he would have occupied in the absence of discrimination (or, alternatively, front-pay), providing back-pay and lost benefits with interest, and ordering Defendant to pay compensatory damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor;

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

    Respectfully submitted,

    s/ Adam M. Porter
    Adam M. Porter
    Attorney for Plaintiff
    Alabama Bar ID: ASB-2472-P75A
    2301 Morris Avenue, Suite 102
    Birmingham, Alabama 35203
    Phone: (205) 322-8999
    Facsimile: (205) 322-8915
    Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

    s/ Adam M. Porter
    Attorney for Plaintiff

<u>Defendant's Address:</u>
The City of Jasper, Alabama
c/o Kathy Chambless, City Clerk
400 West 19th St.
Jasper, AL 35501